## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 207-212-1077 WITH IMSI 311580726776117 | Case No. 2:24-mj-25-JKFW<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Christopher Concannon, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for information about the location of the cellular telephone assigned call number 207-212-1077, with international mobile subscriber identity ("IMSI") number 311580726776117 believed to be used by ADEN MOHAMED (the "Target Cell Phone"), whose service provider is U.S. Cellular Corporation, a wireless telephone service provider headquartered at 8410 W. Bryn Mawr Ave., Suite 800, Chicago, IL 60631. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the

information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Portland, Maine Field Office. I have been employed as an ATF Special Agent for approximately 18 years. My responsibilities include, but are not limited to, investigating firearms violations under Title 18 and Title 26 of the United States Code. I have received extensive training pertaining to investigations related to firearms trafficking and the acquisition of firearms through false statements ("straw purchases"). In the course of my law enforcement training and experience, I have conducted or participated in, among other things, surveillance, undercover transactions, debriefings of witnesses and defendants as well as reviews of recorded conversations and video relating to firearms trafficking and straw purchasing. I have drafted a number of firearm related search and arrest warrants and have assisted in the execution of numerous search and arrest warrants involving firearms violations. Through my training and experience, I have become familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in firearms trafficking and straw purchasing.

4.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to provide facts demonstrating that probable cause for the requested warrant exists, and does not set forth all of my knowledge about this matter.

5.  ADEN MOHAMED was charged with conspiring with others to violate the federal firearms laws, in violation of 18 U.S.C. § 371, 922(a)(6) and 924(a)(1), on January 12, 2024, and is the subject of an arrest warrant issued on that date. Based on

the foregoing facts, there is probable cause to monitor the current location of the Target Cellular Device for the next 30 days because such information will assist law enforcement with gathering evidence related to one or more criminal offenses as well as with locating and apprehending ADEN MOHAMED who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

7. The ATF is conducting a criminal investigation of ADEN MOHAMED and others, known and unknown who, together, are members of a criminal conspiracy that has, as one of its objects, the straw purchasing of firearms from federal firearms licensees ("FFL") in and around Southern Maine, and their subsequent trafficking, in violation of 18 U.S.C. §§ 371, 922(a)(6), and 924(a)(1)(A), among other statutes.

8. I hereby adopt and incorporate by reference my affidavit dated January 26, 2024, filed in support of a search warrant for information associated with the cellular telephone assigned call number 207-212-1077, attached hereto as Exhibit 1.

9. On January 29, 2024, I learned of associations between the Target Facebook Account and locations in or around Rumford, ME. Specifically, I reviewed data provided by Meta Platforms, which showed that the Target Facebook Account was accessed through IP Addresses "2603:7081:10f0:8e40:946e:10b8:fef2:4c58" and "2603:7081:10f0:8e40:8ce5:21e8:09fa:1bf9" on January 28, 2024. I queried the IP Addresses utilizing the website, https://whatismyaddress.com/ip-lookup.  The query

revealed the provider of the IP Addresses as Charter Communications Inc and the city and state as Rumford, ME. I subsequently requested subscriber information for the IP addresses. The subscriber information for this IP Address, received on January 31, 2024, lists Tracy Gamon at an address on Rumford Center Road in Andover, Maine, as the subscriber.

10. Continuing on the same date, I received information from US Cellular Corporation pursuant to the warrant for information for the Target Cell Phone. Although the information revealed that the Target Cell Phone was pinging in the area including Mexico and Rumford, ME throughout the day on January 29, 2024, the radius of the pings covered a large geographic area. Specifically, at approximately 2:09p.m., the ping of the Target Cell Phone was over 5,000 meters. The smallest radius received was 960 meters.

11. For the reasons detailed above and in Exhibit 1, I believe that there is probable cause that ADEN MOHAMED is using the Target Cell Phone. The proposed warrant will allow law enforcement to locate ADEN MOHAMED in order to arrest him.

## MANNER OF EXECUTION

12. In my training and experience, I have learned that cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

13. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from cellular devices, including the Target

Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The investigative device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's current location, even if it is located inside a house, apartment, or other building.

14. The investigative device may interrupt cellular service of other non-target cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the investigative device may briefly exchange signals with all cellular devices in its range. These signals may include cell phone identifiers. The investigative device will not complete a connection with other cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the investigative device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the Court, other than distinguishing the Target Cellular Device from other cellular devices.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

Christopher Concannon
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Jan 31 2024

City and state: Portland, Maine

_____
Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

6